NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**XITRONIX CORPORATION,**
*Plaintiff-Appellant*

**v.**

**KLA-TENCOR CORPORATION, DBA KLA-TENCOR, INC., A DELAWARE CORPORATION,**
*Defendant-Appellee*

---

2016-2746

---

Appeal from the United States District Court for the Western District of Texas in No. 1:14-cv-01113-SS, Judge Sam Sparks.

---

**SUA SPONTE**

---

Before MOORE, MAYER, and HUGHES, *Circuit Judges.*

PER CURIAM.

**O R D E R**

The Fifth Circuit has transferred to us this *Walker Process* appeal. *Xitronix Corp. v. KLA-Tencor Corp.*, No. 18-50114, 2019 WL 643220 ("Transfer Order"). As the Supreme Court explained in *Christianson v. Colt Industries*

*Operating Corp.*, 486 U.S. 800, 819 (1988), if a transferee court can find the transfer decision "plausible," it should accept jurisdiction. We apply that rule here. While we do not agree with some of the legal analysis in the Transfer Order, we nevertheless conclude its ultimate conclusion that we have jurisdiction is not "implausible."

As an initial matter, we note that the Transfer Order incorrectly suggests that the jurisdictional analysis under 28 U.S.C. § 1338(a) considers "whether *all* claims in the plaintiff's well-pleaded complaint necessarily depended on the resolution of a substantial question of patent law." Transfer Order 5 (citing *Christianson*, 486 U.S. at 810–11). As *Christianson* itself recognized, jurisdiction exists under § 1338(a) where "patent law is a necessary element of *one of the well-pleaded claims*." 486 U.S. at 809 (emphasis added). The cited analysis in *Christianson* instead made clear that patent law must be "essential" to each *theory* of a claim in order for § 1338(a) to be implicated. *Christianson*, 486 U.S. at 810–11.

The Transfer Order also suggests that the Court's decision in *Gunn v. Minton*, 568 U.S. 251 (2013), is inapplicable to the jurisdictional analysis in this case. That proposition is untenable. In *Gunn* the Court considered the meaning of the phrase "any civil action arising under any Act of Congress relating to patents" as it appears in § 1338(a). *Id.* at 257. Here, we consider the meaning of the phrase "any civil action arising under . . . any Act of Congress relating to patents" as it appears in 28 U.S.C. § 1295(a)(1). It is a fundamental cannon of statutory construction that words used in different parts of the same statute are generally presumed to have the same meaning. *See, e.g.*, *IBP, Inc. v. Alvarez*, 546 U.S. 21, 22 (2005); *Reiche v. Smythe*, 80 U.S. 162, 165 (1871). Unlike in *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), cited in the Transfer Order, this is not a case in which a term is being used in two very different legal contexts. Instead both uses of the phrase appear in Part IV of Title 28 and serve to define the

jurisdiction of particular federal courts. Additionally, while the Fifth Circuit suggests that the 2011 amendments to § 1295 indicate that the two provisions should not be construed together, those amendments in fact suggest the opposite. Section 19 of the Leahy-Smith America Invents Act, PL 112-29, September 16, 2011, 125 Stat 284, amended both § 1295(a)(1) and § 1338(a). It revised § 1295(a)(1) to parallel § 1338(a) while expanding Federal Circuit jurisdiction to cover compulsory counterclaims, a matter not at issue in this case. In light of the clear parallel language in the two provisions and their shared purposes and statutory history, we must respectfully reject the Fifth Circuit's suggestion that *Gunn* is inapplicable.

The Fifth Circuit also misreads our decision in *Nobelpharma AB v. Innovations, Inc.*, 141 F.3d 1059 (Fed. Cir. 1998). The question of whether we have exclusive jurisdiction over a matter and the question of whether we apply "Federal Circuit law" or regional circuit law to a question before us are related but distinct. *See In re Deutsche Bank Tr. Co. Americas*, 605 F.3d 1373, 1377 (Fed. Cir. 2010) (explaining that "[i]n deciding which law to apply, we consider several factors including: the uniformity in regional circuit law, the need to promote uniformity in the outcome of patent litigation, and the nature of the legal issue involved" (citation omitted)); *FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 935 (Fed. Cir. 1995) ("Unless a procedural matter is *importantly related* to an area of this court's exclusive jurisdiction, . . . we will usually be guided by the views of the circuit in which the trial court sits . . . ." (emphasis added)). In short, in *Nobelpharma* we considered whether the issue on appeal "clearly *involves*" our jurisdiction, not whether the issue would give rise to jurisdiction.

Despite these and other flaws, the Transfer Order's conclusion that we have jurisdiction is not implausible. The Court's decision in *Gunn* could be read to imply that whether the patent question at issue is substantial depends on whether the patent is "live" such that the

resolution of any question of patent law is not "merely hypothetical." *See Gunn*, 568 U.S. at 261. Here, the underlying patent has not expired, and the resolution of the fraud question could affect its enforceability. *Walker Process* fraud and inequitable conduct are fraternal twins, such that conclusions as to *Walker Process* fraud would likely resolve questions as to the enforceability of the patent. *See Nobelpharma AB*, 141 F.3d at 1070 ("Simply put, *Walker Process* fraud is a more serious offense than inequitable conduct."). Under this interpretation of *Gunn*, therefore, we would have jurisdiction.

While it is not implausible to reach this conclusion, we reject the theory that our jurisdiction turns on whether a patent can still be asserted. Under this logic, cases involving *Walker Process* claims based on expired patents would go to the regional circuits while those with unexpired patents would come to us, despite raising the same legal questions. Nevertheless, the fact that the underlying patent in this case has not expired and the fact that any decision could have effects on enforceability is a plausible reason for us to accept jurisdiction.

Thus, we accept the transfer and will resolve this case on the merits. No further briefing will be permitted, and a new oral argument will be set by forthcoming order.

IT IS ORDERED THAT:

The mandate of this court issued on June 22, 2018 is recalled, and the appeal is reinstated. No additional briefing is permitted. Oral argument will be scheduled.

FOR THE COURT

March 14, 2019                    /s/ Peter R. Marksteiner
Date                             Peter R. Marksteiner
                                 Clerk of Court